The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner William L. Haigh and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; or to amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
The parties stipulated at the initial hearing that Christopher Pallideno was not a physician authorized by defendant and plaintiff stated on the record that she is seeking Commission approval of said Chiropractor's treatment.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, who is 55 years-old and has a GED, has an employment history of in excess of 30 years, most of which was in the food service industry as a cook.
2. Plaintiff began working for defendant in August 1992 as a night shift cook and remained so employed on 27 October 1992 when she sustained the admittedly compensable injury by accident giving rise hereto. On that occasion, plaintiff slipped and fell on a waxed floor thereby twisting her back and striking her knees on the floor.
3. After initially receiving treatment at the Urgent Care Center, plaintiff came under the care of Dr. Harkins, an orthopedic surgeon, on 16 November 1992 and remained under his care through 19 July 1993. During that period of time, plaintiff continued to experience primarily low back pain and left lower extremity pain as a direct result of the injury by accident giving rise hereto. Said accident caused lumbosacral strain and contusion of her knees and it aggravated her preexisting, but asymptomatic, back conditions; spinal stenosis at L4-L5 and degenerative disc disease with L4-L5 and L5-S1 nerve root compression. Back surgery was considered by Dr. Harkins in February 1993 and again in May 1993 because of plaintiff's persistent complaints of low back pain and lower extremity pain, but that surgery has not been performed, apparently because of lack of authorization by defendant and its servicing agent. Although plaintiff had not completed physical therapy and although Dr. Harkins was reluctant to release her to return to work, plaintiff insisted upon returning to work in February 1993 and he allowed her to do so.
4. Plaintiff's spinal stenosis and nerve root compression conditions, established by myelogram and MRI, are variable conditions in that her symptoms or complaints and findings on examinations vary from time to time depending on the nature and extent of her activities and the resultant degree of pressure on the discs which bulge more on the nerves and produce increased pain. The surveillance of plaintiff by private investigators in June and July 1993 indicating that she was performing normal, routine daily activities and that plaintiff lifted a bicycle, supports the lability or variability of her conditions which tend to wax and wane.
5. Plaintiff was examined and evaluated by Dr. Gioffre in April 1993 and by Dr. Elsner in June 1993. By April 1993 plaintiff obtained maximum medical improvement from the injury by accident giving rise hereto and the treatment rendered therefore and she retains ten (10) percent permanent partial impairment of the back as a result of said accident. As a further result of said accident, plaintiff is significantly restricted in lifting, bending, and stooping activities as well as engaging in prolonged standing and walking.
6. Plaintiff returned to defendant at light duty work on 22 February 1993 at decreased wages and thereafter remained so employed until 5 May 1993. In March 1993 plaintiff was assigned one job with duties of preparing salads, serving food, and helping clean up, and another job with duties of cleaning offices and cubicles. Part of her food serving duties involved washing pots and pans and scrubbing the grill.
7. Plaintiff, who had continued to experience back and left lower extremity pain at work and was experiencing extreme paid in her back on 5 May 1993 for which she had taken a lot of pain medication, was unable to continue working on 5 May 1993 because of increased back pain. Plaintiff was thereafter unable to perform work at defendant's business due to persistent low back pain and left extremity pain.
8. After 5 May 1993, plaintiff's workers' compensation benefits were terminated, plaintiff was evicted from her house, was forced to sell her furniture, and began receiving public assistance for her minor daughter's survival. Faced with these circumstances, plaintiff obtained a job through the Employment Security Commission with the Green House Restaurant where she worked from 23 May through 18 June 1993 earning $850.00 as a part-time cook. In this position, plaintiff cooked, handed things to other cooks and helped dip and serve food. That job required a lot of stooping and bending activities which increased her pain and by reason thereof, plaintiff had to work slowly and was unable to keep up with the work. Whereas it normally took an employee forty-five (45) minutes to an hour to prepare and set up the cold bar, it took plaintiff about four hours to do so. Plaintiff ultimately had to quit that job because she could not keep up with it due to her persistent pain.
9. In about August 1993, plaintiff first came under the care of Chiropractor Palledino. Plaintiff, who by that time was represented by counsel, did not obtain approval thereof from either defendant or the Industrial Commission. Plaintiff eventually sought Commission approval at the call of this case for hearing on 29 November 1993. The evidence fails to establish that the treatment necessary to effect a cure or give relief or that it tended to lesson her period of wage earning incapacity.
10. Considering plaintiff's age, education, and work experience in conjunction with the injury by accident and residuals thereof, the injury by accident rendered plaintiff unable to earn any wages in any employment from 5 May 1993 through 23 May 1993 and from 19 June 1993 and continuing through 30 November 1993 the date of the initial hearing in this matter. The job which plaintiff was performing at defendant in May 1993 was not one which was suitable to her capacity.
11. As a further result of the injury by accident giving rise hereto, plaintiff's earning capacity was reduced from an average weekly wage of $240.00 which she was earning at the time of the injury by accident to an average weekly wage of $220.50 which she was able to earn for the period 23 May through 18 June 1993.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the injury by accident giving rise hereto, plaintiff was rendered totally disabled from 5 May 1993 through 23 May 1993 and from 19 June 1993 through 30 November 1993 for which she is entitled to compensation at said rate continuing after 30 November 1993 for so long as she remains totally disabled. The credible evidence of record fails to establish that plaintiff is permanently totally disabled. The job which plaintiff was performing in early May 1993 at defendant's business was not suitable to her capacity. N.C. Gen. Stat. § 97-29; 32.
2. As a result of the injury by accident giving rise hereto, plaintiff was partially disabled from 23 May to 19 June 1993 for which she is entitled to compensation at the rate of $13.00 per week, that being sixty-six and two-thirds (66 2/3) percent of the difference between the $240.00 average weekly wage she earned at the time of the accident and the $220.50 average weekly wage which she was able to earn during said period. N.C. Gen. Stat. § 97-30.
3. Plaintiff did not seek Commission approval of the treatment rendered by Chiropractor Palledino within a reasonable time after coming under his care. Moreover, the evidence fails to establish that said chiropractic treatment tended to effect a cure or give relief or that it tended to lessen plaintiff's period of disability. Defendant, accordingly, is not responsible for the cost of said treatment. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to the counsel fee hereinafter approved, defendant shall pay to plaintiff compensation at the rate of $160.01 per week for the period from 5 May 1993 to 23 May 1993 and from 19 June 1993 through 30 November 1993 and continuing thereafter for so long as plaintiff remains totally disabled. In addition, defendant shall pay to plaintiff compensation at the rate of $13.00 per week for the period from 23 May 1993 to 19 June 1993. As much of said compensation as has accrued shall be paid in a lump sum without commutation.
2. A reasonable attorney fee in the amount of twenty-five (25) percent of the compensation benefits payable herein is hereby approved for plaintiff's attorney. Said attorney fee shall be paid out of the accrued benefits, and out of the benefits which will hereafter accrue, by defendant making direct payment to plaintiff's counsel of every fourth week of compensation benefits payable under the terms of this Opinion and Award.
3. Defendant shall pay all medical expenses incurred by plaintiff for treatment of the injury by accident giving rise hereto, except those incurred for the treatment rendered by Chiropractor Pallideno, when bills for the same have been submitted through defendant's servicing agent to the Industrial Commission and approved by the Commission.
4. Defendant shall pay the costs, including an expert witness fee in the amount of $200.00 to Dr. Elsner, $225.00 to Dr. Gioffre and $375.00 to Dr. Harkins.
* * * * * * * * * * * * *
ORDER
IT IS ORDERED that plaintiff shall submit herself to Dr. Harkins for re-examination and evaluation to determine what additional treatment, if any, is reasonably medically necessary to effect a cure, give relief, or to lessen her period of disability due to the injury by accident giving rise hereto and IT IS ORDERED that defendant pay the costs thereof in amounts approved by the Commission.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ JOHN A. HEDRICK DEPUTY COMMISSIONER